ROBERT BRIAN BLACK                            7659
Civil Beat Law Center for the Public Interest
700 Bishop Street, Suite 1701
Honolulu, Hawai`i  96813
brian@civilbeatlawcenter.org
Telephone:  (808) 531-4000
Facsimile:  (808) 380-3580

Attorney for Civil Beat Law Center
    for the Public Interest

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| IN RE:  CIVIL BEAT LAW CENTER FOR THE PUBLIC INTEREST,<br><br>           Movant. | MISC. NO. 22-438 LEK<br>[CR NO. 21-00142-LEK]<br><br>REPLY MEMORANDUM IN SUPPORT OF RENEWED MOTION TO UNSEAL COURT RECORDS [DKT. 337] |

**REPLY MEMORANDUM IN SUPPORT OF
RENEWED MOTION TO UNSEAL COURT RECORDS [DKT. 337]**

The pending motion to unseal only concerns the documents filed in 17-MJ-75, 17-CV-107, and 19-MJ-1.  It does not concern the 430,000 documents that the City separately disclosed to Defendants and the Government.  The purportedly privileged documents are meeting recordings made by Honolulu Police Department (HPD) personnel and FBI interviews with HPD personnel in January and February 2017—in the midst of the alleged criminal conduct.[1]

---

[1] As discussed below, any crime-fraud determination is on a document-by-document basis.  The Court's decision on crime-fraud for this motion to unseal

Defendants request further briefing on whether the Court should review the documents *in camera*. This matter is far beyond that *Zolin* step 1 inquiry. Defendants' request ignores the extensive briefing on privilege that has occurred. There is no basis for further delays and briefing.

The Law Center respectfully requests that the Court unseal all the docket entries in 17-MJ-75, 17-CV-107, and 19-MJ-1, subject to limited redactions for privacy after the City applies the redactions in the manner expressly instructed by the Court's February 8, 2023 Order.

## I.     THE JUNE 8, 2023 STATUS CONFERENCE

On June 8, 2023, the Court held a status conference following the May 31 hearing on Defendants' various substantive motions that touched on, among other things, whether Defendants' alleged conduct was a crime and whether the Government committed prosecutorial misconduct by using Judge Watson's crime-

---

these specific court records does not impact whether other allegedly privileged communications were in furtherance of a criminal scheme. And it is improper for Defendants to claim that the Law Center is "inserting itself into issues concerning what evidence will and will not be admitted against Defendants at trial." Dkt. 344 at PageID.4660-61. The public has a constitutional right to access court records and proceedings—which is no less important than the City's common law privilege claims—and no Defendant has claimed (nor plausibly could claim) that disclosing this information will prejudice his or her constitutional right to a fair trial. *See, e.g., United States v. Carpenter*, 923 F.3d 1172, 1179-80 (9th Cir. 2019) ("We acknowledge the tension that may arise between the public's right of access and the defendant's right to a fair trial."). The requested relief only concerns documents already filed in court and only concerns public access, not the more-faceted issue of admissibility at trial.

fraud order with witnesses during its investigation.  During that status conference, while discussing the need for a trial continuance, Defendants argued that further briefing was needed regarding privilege claims for trial exhibits.  Dkt. 344-6 at PageID.4709-10, 4717-20.  This Court did not commit to additional briefing and expressly contemplated that the general crime-fraud issue may be addressed through the prosecutorial misconduct motion.

> [COURT]:  I do agree with you that in preparation for trial we're going to have to resolve the privilege issue.  I'm going to think about it a lot more and try to figure out what's the best way.  Maybe I'll ask you folks to propose something, something along the line of what Ms. Panagakos shared on her opinion.  It is a big issue.  I just don't want to address it now and tell you, okay, you know, two months – you know, a month – six weeks from now I want this briefing, where we have this, you know, substantial issue that we have to get over before we get to the next one.
> It might make sense, with regard to the other – the other motion that you folks have filed, but frankly, I'm not even focusing on that because I want to make sure that, you know, we get this – get this one right, or at least I get it right in terms of the ruling.

Dkt. 344-6 at PageID.4723; *see also id.* at PageID.4718 ("I'm going to resolve that before I move on to the motion to dismiss based on prosecutorial misconduct of the whole issue of the, you know, crime fraud exception and, you know, what went on before Judge Seabright.").

After additional briefing regarding whether Defendants' alleged conduct constituted a crime, the Court denied Defendants' motions to dismiss.

## II.     *ZOLIN* BRIEFING IS UNNECESSARY

*Zolin* is not relevant to this proceeding.  In *Zolin*, the Supreme Court addressed the procedure for "whether a district court, at the request of the party opposing the privilege, may review the allegedly privileged communications *in camera* to determine whether the crime-fraud exception applies."  *United States v. Zolin*, 491 U.S. 554, 564 (1989).  As threshold issues, the Law Center has not asked the Court to review privileged communications *in camera* to determine that a criminal scheme existed, and the City—purported holder of the privilege—has not objected to the Court reviewing privileged communications *in camera*.[2]

*Zolin* is only a procedural standard for *in camera* review, not the substantive standard for when the crime-fraud exception applies.  The substantive crime-fraud

---

[2] *Zolin* concerned a procedural threshold before anyone—including the district court—may look at privileged communications.  *Zolin*, 491 U.S. at 572 (explaining the lower quantum of proof necessary for *in camera* review by a court because it "is a smaller intrusion upon the confidentiality of the attorney-client relationship than is public disclosure").  Here, the City has permitted Defendants and the Government access to its privileged documents, 22-MC-103 Dkt. 21, and encouraged the Court's *in camera* review of privileged documents for purposes of making privilege determinations, *e.g.*, Dkt. 115 at PageID#:537; Dkt. 177 at PageID.1525-26; Dkt. 185 at PageID.1747; Dkt. 198 at PageID.1850-51; Dkt. 239 at PageID.2618-19 (citing, *e.g.*, the sealed Farella Report); Dkt. 323; 19-CV-26 Dkt. 35.  Despite multiple submissions, the City has not argued at any point that this Court cannot review *in camera* the documents filed in 17-MJ-75, 17-CV-107, and 19-MJ-1 in the absence of a *Zolin* step 1 determination.  And the Court already has reviewed *in camera* many of the documents at issue in this motion.  *E.g.*, Dkt. 326 (sealed exhibits attached to the Government's supplemental memorandum in opposition to the motion to dismiss for 10th Amendment and due process violations).  Again, this matter is well beyond *Zolin* at this point.

standard is a determination whether: (1) "the client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme"; and (2) "the attorney-client communications for which production is sought are 'sufficiently related to' and were made '*in furtherance of* [the] intended, or present, continuing illegality.'"  *In re: Napster Copyright Litig.*, 479 F.3d 1078, 1090 (9th Cir. 2007), *abrogated on other grounds by Mohawk Indus. v. Carpenter*, 558 U.S. 100 (2009) (alterations in original).

> The government is not obligated to come forward with proof sufficient to establish the essential elements of a crime or fraud beyond a reasonable doubt, since the crime-fraud exception does not require a *completed* crime or fraud but only that the client have consulted with the attorney in an *effort* to complete one. . . .  [T]he district court must find "reasonable cause to believe" that the attorney's services were "utilized . . . in furtherance of the ongoing unlawful scheme.

*In re Grand Jury Proceedings*, 87 F.3d 377, 381 (9th Cir. 1996) (citation omitted); *United States v. Laurins*, 857 F.2d 529, 541 (9th Cir. 1988) ("All the government needed to show was evidence that if believed by the jury would establish the elements of an ongoing violation.").  *In camera* review—the *Zolin* issue—"is not necessary during step one to establish a prima facie case that 'the client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme.'"  *United States v. Doe*, 810 F.3d 1110, 1114 (9th Cir. 2016); *accord Zolin*, 491 U.S. at 574 (recognizing that crime-fraud may be determined without *in camera* review).

5

Relevant to the crime-fraud determination and emphasized in the renewed motion to unseal, this Court has addressed the existence of a criminal scheme here. Dkt. 337 at PageID.4611-12. After extensive briefing by Defendants and the Government, including consideration of the City's Farella Report from the proceedings before Judge Seabright, this Court confirmed that there is reasonable cause to believe that Defendants engaged in a criminal conspiracy to avoid City Council approval for the $250,000 payment to former police chief Louis Kealoha. Dkt. 331 at PageID.4568-69 ("Thus, because the Kealoha Agreement required a transfer within HPD budget activities, the City Council, as keeper of the City's purse, had to approve the settlement of claims in the Kealoha Agreement."). The only *theoretical* question remaining is whether the HPD recordings and interviews that concern meetings with Defendant Leong (or a deputy) about avoiding Council approval (the only documents at issue here) are in furtherance of the conspiracy. *E.g.*, \*17-CV-107 Dkt. 20-5 at PageID#:434 ("[Sword]: Oh the reason it's very simple. So you don't have to go to the seven bananas, I mean nine bananas up at the council.").[3] But as the Law Center previously flagged—and neither the City nor Defendants have disputed—"the City never presented a separate argument that

---

[3] As used in prior briefing, the "\*" concerns the City's version of proposed redactions for various filings. The City has not asserted privilege over this transcript.

the communications were not in furtherance of criminal activity." Dkt. 201 at PageID.1894 n.8. The only crime-fraud issue that the City and Defendants have ever raised previously is whether a crime occurred. *E.g.*, Dkt. 187 at PageID.1785 (arguing that crime-fraud does not apply because "there was no violation of 18 USC 666"). Regardless, the role of these specific communications with Defendant Leong in furtherance of the alleged conspiracy is obvious.

Moreover, *Zolin* briefing has no relevance to the other issues raised by the Law Center and the Government regarding whether the attorney-client privilege even attaches to these communications or, if so, whether the privilege was waived. Dkt. 337 at PageID.4604-05 (outlining all of the issues fully briefed to the Court). Defendants ignore these other issues. *Compare* Dkt. 344 at PageID.4656-57 ("Civil Beat's renewed motion is premised on its view that this Court has held that the crime-fraud exception applies to the documents Civil Beat now seeks to unseal."), *with* Dkt. 337 at PageID.4612 ("Even if the Court's resolution of Defendants' motions were not dispositive, the documents cannot remain sealed or redacted for all the reasons previously briefed and summarized above.").

Defendants only basis for delaying resolution of this motion is a purported need to brief the *Zolin* issue of *in camera* review. Such briefing is not necessary. Defendants have not identified any other issue that needs to be briefed regarding these communications. Defendants have had numerous opportunities to raise

concerns regarding the attorney-client privilege in connection with these specific documents.  Dkt. 174 at PageID.1503 (Defendants deferring to the City's assertion of privilege); Dkt 187 at PageID.1783-85 (Defendant Leong arguing waiver and crime-fraud issues); Dkt. 193 at PageID.1812 (providing Defendants the option to further brief privilege issue, which Defendants did not do).  The City has made clear that it does not need to brief the issues further.  Dkt. 341 at PageID.4618-19 (explaining that its "position has been set forth at length in prior letter briefs" and deferring solely to whether Defendants and the Government should be given an opportunity to further brief issues).  This motion is ready for decision.

## CONCLUSION

The Law Center respectfully requests that the Court unseal all the docket entries in 17-MJ-75, 17-CV-107, and 19-MJ-1, subject to limited redactions for privacy after the City applies the redactions in the manner expressly instructed by the Court's February 8, 2023 Order.

DATED:  Honolulu, Hawai`i, November 7, 2023

/s/ Robert Brian Black<br>
ROBERT BRIAN BLACK<br>
Attorney for Civil Beat Law Center<br>
   for the Public Interest